**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:     Martin Wayne Felts v. The State of Texas

Appellate case number:   01-21-00545-CR

Trial court case number:  250807

Trial court:             County Court at Law No. 1 of Brazoria County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the county court's certification of appellant's right of appeal that corresponds to the county court's September 29, 2021 judgment.[1]  *See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall secure a proper Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d).[2]  *See* TEX. R. APP. P. 25.2(d).  Once properly

---

[1]   The record does contain a Certification of Defendant's Right of Appeal, but it is dated September 9, 2021 and signed by the municipal court judge, which resulted in the appeal to the county court at law and its subsequent September 29, 2021 judgment. *See* TEX. R. APP. P. 25.2(a)(2) (requiring trial court to enter certification each time it enters judgment or appealable order); *Hargesheimer v. State*, 182 S.W.3d 906, 912, 913 (Tex. Crim. App. 2006).  The record therefore does not contain a certification that pertains to the county court's September 29, 2021 judgment affirming the judgment of the municipal court.

[2]   Although the municipal court's certification states that "this criminal case is a plea-bargain case, the defendant waived his right to appeal, and the defendant has NO right of appeal," the record does not support any waiver of the right to appeal, as there is no reporter's record reflecting an oral waiver after appellant was sentenced and the clerk's record contains no documents establishing a bargained-for waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003).  Appellant did, in fact, appeal to the county court, which affirmed the municipal court's judgment; it did not dismiss the appeal for want of jurisdiction. Further, a plea bargain is complete at the time a defendant enters his plea of guilty in exchange for deferred adjudication. *See*

completed and executed, the certification shall be included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(c)(2). The county court shall cause the supplemental clerk's record to be filed with the Clerk of this Court no later than 20 days from the date of this order. *See id.* This order constitutes notice to all parties of the lack of a proper certification. *See* TEX. R. APP. P. 37.1.

It is so **ORDERED**.

Judge's signature: _____/s/ Sherry Radack_____

☑ Acting individually    ☐ Acting for the Court

Date: __February 3, 2022_____

---

*Hargesheiner*, 182 S.W.3d at 913. The issues raised in appellant's motion for new trial in the municipal court and again on appeal in the county court at law involve the revocation of deferred, thus his right of appeal would not be restricted by his earlier plea. *See id.* Accordingly, the certification should either state that this is not a plea-bargain case and appellant has the right of appeal or should state that appellant has waived the right to appeal and the record should be supplemented with further supporting documentation. *See id.*; *Dears v. State*, 154 S.W.3d 610, 613, 614–15 (Tex. Crim. App. 2005).